JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
UNITED STATES ATTORNEY
CHRISTIAN S. NAFZGER, IDAHO STATE BAR NO. 6286
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
1290 W. MYRTLE ST., SUITE 500
BOISE, IDAHO 83702-7788
TELEPHONE: (208) 334-1211

U.S. COURTS

FEB 11 2025

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JUAN MANUEL ARCE,<br><br>Defendant. | Case No. 1:25-cr-39-AKB<br><br>**INDICTMENT**<br><br>21 U.S.C §§ 841(a)(1), (b)(1)(A)<br>21 U.S.C. § 853 |

The Grand Jury charges:

### COUNT ONE

**Distributing Methamphetamine**
**21 U.S.C. § 841(a)(1) and (b)(1)(A)**

On or about April 11, 2023, in the District of Idaho, the Defendant, JUAN MANUEL ARCE, did knowingly and intentionally distribute at least 50 grams or more of actual methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A).

**INDICTMENT - 1**

## CRIMINAL FORFEITURE ALLEGATION

### Drug Forfeiture
### 21 U.S.C. § 853

Upon conviction of the offense alleged in this Indictment, the Defendant, JUAN MANUEL ARCE, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property, real and personal, tangible and intangible, consisting of or derived from any proceeds the defendant obtained directly or indirectly as a result of the foregoing drug offense; and any and all property, real and personal, tangible and intangible, used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the foregoing offense. The property to be forfeited includes, but is not limited to, the following:

1.   Unrecovered Cash Proceeds and/or Facilitating Property. The Defendant obtained and controlled unrecovered proceeds of the offense of conviction, or property derived from or traceable to such proceeds, and property the defendant used to facilitate the offense (if facilitation is alleged), but based upon actions of the defendant, the property was transferred, diminished, comingled, or is otherwise unavailable.

2.   Substitute Assets. Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government will seek forfeiture of substitute assets, "or any other property of the defendant" up to the value of the defendant's assets subject to forfeiture. The government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

    a.   Cannot be located upon the exercise of due diligence;

    b.   Has been transferred or sold to, or deposited with, a third person;

    c.   Has been placed beyond the jurisdiction of the court;

    d.   Has been substantially diminished in value; or

   e.  Has been commingled with other property which cannot be subdivided without difficulty.

   Dated this 11th day of February, 2025.

               A TRUE BILL

               */s/ [signature on reverse]*

               Foreperson

JOSHUA D. HURWIT
United States Attorney
By:

CHRISTIAN S. NAFZGER
Assistant United States Attorney

**INDICTMENT - 3**