United States District Court

District of Idaho

United States of America
   Plaintiff,

v.                                    Case # 25-cr-00039-AKB

Juan Manuel Arce                      DEFENDANT'S motion for
   Defendant                          downward variance

## Notice of defendant's Motion

Comes now, the defendant, Juan Manuel Arce, the defendant herein, who does now notifies all concerned parties, that in compliance with the written plea agreement, specifically at page #8, numbered paragraph 4, that the defendant does seek a downward variance.

1). First and foremost, in accordance with the terms of the written plea agreement, the defendant is being sentenced for a violation of 21 U.S.C. #841, (a)(1), (b)(1)(A). That statute clearly states that if I have 50 or more grams of "actual" methamphetamine,

(1)

That my mandatory minimum sentence is to be 10 years.

On the other hand that same statute also states that if I have between 5 and 50 grams of "actual methamphetamine", then my mandatory minimum sentence shall be 5 years.

I understand that I have entered a plea to distributing 50 or more grams of actual methamphetamine.

I am seeking a downward variance below the 120 month mandatory minimum.

If this court uses the standard 10:1 ratio, then the methamphetamine taken from me, (which weighed a total of 112.58 grams) would have contained only 13 grams of "actual" methamphetamine.

Clearly, this places me directly in the middle of Judge Winmill's policy dispute in regards to methamphetamine purity levels and a disparity in sentencing. Please see, <u>United States v. Tillman</u>, 2025 U.S. District, Lexis 163822; <u>United States v. Frietz</u>, 2024 U.S. District, Lexis 149744.

Moreover, and inasmuch, when I entered into my plea agreement I truly did not realize that I was facing a 120 month mandatory minimum sentence. I honestly thought I was facing a 60 month mandatory minimum sentence.

(2)

I have tried on numerous occasions to correct this issue with my counsel, but she will not speak to me about any type of corrective action. I brought to my attorney's attention, and I now bring before this court, the case of United States v. Mendoza, 121 F.3d 510, (1997), where the Ninth Circuit court of appeals has conclusively held, "... the purity level of methamphetamine should not be used against a criminal defendant if he is to be considered to be a "middleman", as he doesn't know the purity level of the drugs."

This is exactly the case herein. I am pleading guilty, because I am guilty. I am taking responsibility for my actions. But I was merely the "delivery man" for these drugs.

2. Post Arrest Re-habilitation - The United Sentencing Guidlines 3E1.1 At Application note (1)(6) makes it clear that a downward variance is available for "Post Arrest Rehabilitation".

It is under the "acceptance of responsibility" section of 3E1.1, (9) that the application note of (1)(6) is located which states that "Post offense rehabilitation efforts" combined with the timeliness of such conduct, ((1)(H)), can result in a two point level decrease.

(3)

The United States Supreme Court, in the case of Gall V. United States, 552 US. 38, 128 S.C.T. 586, 169 L.ed.2d 445, (2006) engaged in a legthy discussion as to how a "downward Variance" can be utilized to acheive a sentance below the Mandatory Minimume of the sentencing Guidelines. This case clearly shows how to apply this type of sentencing Variance.

Later, the United States Supreme Court, Relying upon Gall Supra, in Pepper V. United States, 562 U.S. 476, 131 S.C.T. 1229, 179 L.Ed.2d 196, (2011) Undisputably held that, "... post arrest rehabilitation is to be considered part of defendants history and characteristics Under 18 U.S.C. #3553 (9)(1), and should be applied as a "downward Variance" Please see headnotes # 12, 13, 14, of Pepper, Supra.

The 9th circuit has Followed this clear procedure. Please see United States V. Ruff, 535 f 3d 999, (2008); United States V. Thompson, 2025 U.S. App lexis 6178.

Futhermore, The United States Sentencing Guidlines, 5 K 2.0 (9), (1), (A), (2) States, "... Downward departures, Below the Mandatory Minimume is available where circumstances of a kind not adequate taken into consideration by the Guidlines exists. These types of "circumstances" exists if the case is of the type which take it out of the "heartland" of cases (normal case)

Also see, The United States Sentencing Guidlines, 5 (1.2 Which clearly lays out the criteria for imposing a sentence below the Guidlines, But places a limit of 24-30 Months for those crimes which carried a Madatory minimume Sentence

(4)

of 60 months or more.

The main crux of this issue is that this defendant has taken part in post arrest rehabilitative efforts "By enrolling in as by participation in Critical thinking, Cognitive Awareness, Iceburg thinking, Self awareness, Adapting to change, ect see attached Certificates.

These courses provided by Jerome County Corrections, is the equivilant to and does exceed an "In patiant drug, Alcohol and or Mental health program, which are designed to change criminal thinking errors

Please see documentation (Certificates attached to P.S.I.R Exhibit A

Futhermore are copies of courses for all educational and or Self help programs that the defendant has completed as well as the dates of such completion.

Clearly, the defendant should be given a downward variance to show "post arrest rehabilitation efforts in the amount of Approximately 30 months as well as a 2 level downward departure.

Prior to this, the Sentancing Guidlines for the defendant required a sentence of 121 months. The defendant request a downward variance of 30 months which would require a Sentence of 91 months, Showing his Successful acceptence of responsibility and his willingness to change

Statement of facts in this case:
The defendant while incarcerated within the confines of the Jerome County Jail of Jerome Idaho, has taken it upon himself to participate in numerous classes and programs created for and aimed at reducing the rate of recidivism and focusing on again voluntarily undergoing measures to Rehabilitate and better himself.

Though these classes are not categorized by the Federal Bureau of prisons they are Nationally recognized and are as follows.

Conclusion;
I would like to thank the court for the time taken to review this motion for downward variance. In addition to other issues raised in this motion.

Oath
I Juan Manuel Arce do swear under penalty of perjury that the contents of this motion are true to the best of my knowledge and belief.

8-29-2025
DATED

Juan M. Arce

