Juan Manuel Arce
Jerome County Jail
2151 South Tiger Drive
Jerome, Idaho

U.S. COURTS
SEP 22 2025
Rcvd____Filed____Time____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

In The United States District Court
In 3 For The District of Idaho

| | |
|---|---|
| United States of America<br>Plaintiff<br><br>Vs.<br><br>Juan Manuel Arce<br>Defendant | Case No: 25-cr-00039-AKB<br>Defendant's Motion For Imposition of Below Guideline Sentence Based Upon "Saftey Valve," and United States v. Gaston, 2024 U.S. App. Lexis 17905 |

    Comes Now The Defendant Herein, Juan Manuel Arce, who does notifies all parties That he seeks The application of The "Safty Valve" 18 USC 3553, Case No: 25-cr-00039-AKB. Due To Counsel Withdrawal as A Result of Unreconcilable Differences and Ineffective Assistance of Counsel, The Defendant now submits This motion.
    The Defendant Further submits That He seeks A Downward Variance Based Upon "Post Arrest Rehabilitative Efforts".

(1)

## Facts of This Case

1.) The Defendant, Juan Manuel Arce was indicted in Case NO: 25-CR-00039-AKB.

2.) Count 1 of the Indictment against the Defendant Herein Reads As:

3.) The Defendant Repeatedly Discussed The Desire To Plead Guilty To Distribution of A Meth Mixture, which carries A minimum mandatory sentence of 60 months. To which The Defendant's counsel's Response was "That's Not Possible".

4.) The Defendant's counsel Ignored The Doctrine of The Rule of Lenity which states: "If A Criminal Statute Remains Ambiguous even After Considering Text Structure, History, & purpose, The Rule of Lenity obliges The Court To Select The Least Harsh Interpretation Consistent with The Statutory Language." By telling This Defendant He could only plead To 841 A For Distribution of Actual Meth.

5.) Defendants counsel Refused To Submit To The Court The Fact That There was NO "Pure" or "Actual" Methamphetamine Delivered, As Attested To By The Fact That The United

(2)

STATES ATTORNEY submitted to the crime laboratory the 117 grams of methamphetamine delivered, and asked the State crime lab to conduct testing of the methamphetamine mixture to determine the purity of the mixture.

6). Counsel also Refused to submit to the court that the delay in indicting the defendant has violated his due process rights under the 6th amendment.

7). Counsel also Refuses to submit to this court that he is able to utilize the "safety valve" under 18 U.S.C. section 3553 (f) 1-5, and thereby avoid the mandatory minimum term.

8). Counsel Refused to challenge the Defendant's Criminal History calculation when I expressed and shown to counsel that my prior convictions were all ordered to be CONCURRENTLY.

9). Counsel Refused to challenge the ways, manner, and method used for the purported "purity" test. i.e., sampling a small amount of loose powder does not Reflect an accurate test when the majority of the methamphetamine is in "Rock" Form, which could be solid "cut" or other mixture.

(3)

10). Counsel refused to acknowledge that there is a difference between a "Downward Departure," (which is used in a guideline case) and a "Downward Variance," (which is used in a statutory sentencing case).

11). Counsel refused to argue that the methamphetamine involved in this case was a "mixture," which carries a 5 year mandatory minimum, but instead insisted that I am susceptible to a 10 year mandatory minimum for having "actual" or "pure" methamphetamine, which the defendant did not.

It is for these reasons that I am requesting this court to allow me to withdraw my previously entered plea of guilty.

The defendant hereby submits the following case law and authority to support his position.

The defendant does seek to notify all parties of the above. However, former counsel has the defendant being sentenced to a 120 month mandatory sentence. The defendant honestly and believes that he is guilty of distributing a "mixture" of methamphetamine and therefore only should be susceptible to a 60 month term, with

(4)

the possibility of a downward variance for a "safety valve" and for post arrest rehabilitative efforts.

## ARGUMENT OF LAW

The defendant was indicted for the crime of distribution of methamphetamine, in violation of the United States Code, Title 21, Section 841, (a).

The facts are that a government agent ordered a controlled buy upon the defendant in which approximately 112 grams of a mixture containing methamphetamine was purchased.

The government obtained a "purity test" upon the substance, but delayed seeking an indictment against the defendant for more than 2 years.

Once the indictment was obtained the government charged the defendant with distributing "actual" or "pure" methamphetamine, based upon the purity test as conducted.

The defendant is challenging the way, manner and means upon which the purity test was conducted as flawed.

In this case, and as photographic evidence supports, the 112 grams at issue contained a majority of large "Rocks" and very little powder.

Absent a finding that the entire substance sold was pounded into a powder, and a sample of that powder tested for purity, then the sample tested as it now stands is not an accurate measure of the entire substance at issue. It is merely a sample of the loose powder in the sample of "Rocks." It would violate the provisions of United States v. Stewart, 361 F.3d 373, (2003); United States v. Sprague, 135 F.3d 130, (1998); to not pulverize the entirety of of the item sold, and then perform a test on a sample of the pulverized material. It is the position of the defendant that the "Rocks" as shown in the photograph of the item sold, if pulverized, would lower the purity level. This is common sense and logic. Such a test, and the result, is also exculpatory under Brady v. Maryland, 378 U.S. 83, (1963).

Secondly, above and beyond the above argument, the defendant states that he is entitled to the Rule of Lenity, in that on the one hand the statute states, "...50 or more grams of methamphetamine..." (21 USC 841, (a)(1), A viii), and the conflict then comes from 21 USC 841, (a)(1), B, viii B where it is stated, "...50 grams or more of a mixture containing any detectable amount of methamphetamine..." It is absolutely clear that both provisions of the applicable statute mention "50 or more grams of a mixture..." Please see, Chapman v. United States, 500 U.S. 453, (1991).

(6)

The problem is that one statute, (which describes "Actual or Pure") has a mandatory minimum of 10 years, while the other statute, (which describes a mixture of methamphetamine), is punishable by a mandatory minimum sentence of 5 years.

There is, and can be no doubt, that the item which was sold, (purportedly), by the defendant contained a "mixture" of methamphetamine, why no doubt? Because the United States Attorney asked for a "purity test" of what was in the bag, if it was not a "mixture of methamphetamine", then there would have been no reason to submit such a mixture for a purity test. It is non-sensical.

It is under the Rule of Lenity that the defendant is entitled to be sentenced under the lesser of two criminal punishments, if in fact, the proscribed conduct can be punished under two different statutory commands. Please see, Bittner v. United States, 598 U.S. 85, at 101-102, 143 S.Ct. 713, 215 L.Ed. 2d 1, (2023), which holds that, "The Rule of Lenity is to be strictly construed against the government."

It all comes full circle, the defendant purportedly sold 112 grams of a mixture of methamphetamine, the government took the mixture and conducted a purity test, (which such test is not a viable test because it does not test the entire 112 grams), and the government then waited for a period of 23 months to file for an indictment

(7)

against the defendant. This is known as PRE Indictment delay, and is clearly prejudicial to the defendant. The Government waited over this "preindictment delay" to gain a purity test.

If the Government had filed for an Indictment in a timely manner, the defendant would have been able to plead to the lesser 60 month mandatory minimum. But because of the delay in filing for an Indictment, the defendant has been prejudiced as he has been prevented from entering such a plea.

Counsel for the defendant refused to challenge the criminal history "points" as attributed to the defendant by the presentence Investigator. Under the sentencing guidelines, 4A1.2(a)(2), it is clear that if the prior sentences were ordered to be concurrent, or if they were entered on the same date and time, then the points are to be determined using only the longest term of Incarceration. On a judgment and conviction entered on May 25th 2018, in case number CR01-17-45004 on page 2 at lines the court clearly orders "... shall be concurrently with other 'holds'." (plural).

At the time the court ordered such concurrent terms the Department of Corrections had placed holds on the defendant in case numbers CR-FE-2016-01671, and in case number CR-2006-2997*c, and CR-2005-1532*C.

In case number CR-FE-2016-01671, on May 11th 2016, In the Judgment of conviction

(8)

entered that day, on page 2, line #4, it is stated "... This sentence runs concurrently to the sentence imposed in Canyon County case no. CR05-15312".

In a Judgment and Commitment, entered on February 8th 2007, in case no. CR-2006-29957*, on page 1, paragraph 3, line 5, the court states: "... In this case to run concurrent with the sentence imposed in case number CR2005-15312*C."

It is because all of these cases were clearly and conclusively ordered to be served concurrently, that the defendant does challenge his PSR, and the calculation of his criminal history points.

Because all prior convictions were ordered to be served concurrently with each other, the defendant only has 3 criminal history points. This is the law under the sentencing guidelines 4A1.2(a)(2).

Because the defendant has only 3 criminal history points, he clearly is eligible for the "safety valve". Please see United States V. Lopez, 998 F.3d 431, at 440, (2021); United States V. Manzon, 2023 U.S. Dist. Lexis 202304.

Even without the authority provided by these cases, the defendant is eligible for a "safety valve" as he meets all of the criteria of 18 U.S.C. Section 3553(f).

Because the defendant does in fact meet all the criteria of the "safety valve",

(9)

it allows him to be sentenced under the mandatory minimum sentence. (The Defendant has shown by clear and convincing evidence that he is susceptible to the 60 month mandatory minimum, and not the 10 year mandatory minimum).

The Defendant asserts that he is now eligible for a "Downward Variance" for "Post Arrest Rehabilitative Efforts".

Under the sentencing guidelines, (because of the "safety valve",) the Defendant can be sentenced to a downward variance, (or a 60 month minimum mandatory sentence), to a term of 30 months. Please see 5C1.2, 2D1.1(b)(18), (which gives a 2 level decrease for the safety valve under the guidelines).

Proof of the "Post Arrest Rehabilitative Efforts" of of the Defendant were provided to prior counsel of record and should be contained within the court's file, and if not, then prior counsel failed in that aspect as counsel was requested to submit such evidence to this court.

## Conclusion

The Defendant has shown that he has a clear disagreement with, not only the methamphetamine sentencing guidelines, but also with the selective way in which he was charged; and, in which the delay in charging was done in such a manner as to deny to him the ability to enter a plea of guilty before a purity test was done.

The Defendant also disagrees with the

⑩

way in which the purity test was conducted on only a portion of the mixture submitted.

The Defendant submits that he is eligible for safety valve relief, as well as the application of a "Downward Variance", and that his criminal history has been incorrectly calculated.

These are the facts of this case. This is **not** to say that the Defendant is attempting to **withdraw** his plea, because he is not.

The Defendant is simply requesting to be fairly sentenced for the conduct for which he has taken accountability.

Finally, in further support of the argument that the Defendant is only susceptible to the 60 month mandatory minimum, the Defendant submits to this court the case of <u>United States v. Gaston</u>, 2024 U.S. App. LEXIS 17905, the United States Court of Appeal for the Ninth Circuit, has held as follows: "It is well settled that, 'drug quantity and type are not formal elements of the offense set out in 21 USC 841; see <u>United States v. Hunt</u>, 656 F.3d 906, 912 (9th Cir. 2011). Instead, we conceive of drug quantity and type as sentencing factors that, 'must be found by a jury or admitted by the defendant." <u>United States v. Jauregui</u>, 918 F.3d 1050, 1055, (9th Cir. 2019).

Indeed, "...[T]he government has the burden at the plea colloquy to seek an explicit admission of any unlawful conduct it seeks to attribute to the Defendant," including drug quantity and

(11)

type. United States v. Thomas, 355 F.3d 1191, 1194, (9th 2004), quoting United States v. Cazares, 121 F.3d 1241, at 1248, (9th Cir. 1997).

In this case, at the plea colloquy, the Defendant <u>did not</u> admit to distributing "actual" methamphetamine. Under the above 9th Circuit precedent, as cited herein, if the Defendant, at the change of plea (plea colloquy), does not admit to "actual" methamphetamine, and if no jury has found such, then a criminal Defendant <u>must</u>, as a matter of law, be only sentenced for having a "mixture" of methamphetamine, and the sentence is therefore to be determined by the weight of the "mixture" of methamphetamine that was admitted to at the plea colloquy.

In this case, that is precisely what has occurred, and it is for these facts that the Defendant herein believes that the 60 month mandatory minimum applies to this case.

And because he is eligible for a safety valve, and a Dawson variance for post arrest rehabilitation, he requests a sentence of 30 months.

<u>OATH OF DEFENDANT</u>

Comes now, Juan Manuel Arce, the Defendant herein who does aver & state that the contents of this motion are true & correct to the best of his knowledge.

9-14-25
Dated

JUAN MANUEL ARCE
Signed

(12)

## Certificate of Service

Comes Now, Juan Manuel Arce, The Defendant Herein, who Does Now Certify That He Has Served A True & Correct Copy Of The Enclosed Motion, Upon The Prospective Parties Entitled To Such Service By Depositing A Copy Of The Said Same, At The United States Postal Service, First Class Postage Pre-Paid and Addressed As Follows:

Clerk Of The Court
United States District Court
550 North First Street
Boise, Idaho
83724

Office Of The Attorney General
Christian S. Nafzger
1290 West Myrtle Street #500
Boise, Idaho
83702

9-14-25
DATED

Juan Manuel Arce

U.S. COURTS
SEP 22 2025
Rcvd___Filed___Time___
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO